UNITED STATES DISTIRCT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVSION

| | | |
|---|---|---|
| BEVERLY SPANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.:  1:20-cv-1483 |
| | ) | |
| CAREGIVERS 2, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1.      Plaintiff, Beverly Spann ("Spann" or "Plaintiff"), by Counsel, brings this action against Defendant, Caregivers 2, Inc. ("Defendant", hereinafter), alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000 et. seq., the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et. seq.* and Family and Medical leave Act of 1993, ("FMLA"), as amended, 29 U.S.C. §2601 *et. seq.*

### II. PARTIES

2.      Spann is a resident of Marion County in the State of Indiana, who at all times relevant to this action, resided within the geographical boundaries of the Southern District of Indiana.

3.      Defendant routinely conducts business within the geographical boundaries of the Southern District of Indiana.

### III. JURISDICTION AND VENUE

1

4.     Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 42 U.S.C. §12117; 42 U.S.C. §2000e-5(f)(3); and 29 U.S.C. §2617(4).

5.     Defendant is an "employer" as that term is defined by 42 U.S.C. §12111(5)(A), 42 U.S.C. §2000e(b), and 29 U.S.C. §2611(4).

6.     Spann, at all relevant times, was an "eligible employee" as that term is defined by 29 U.S.C. §2611(2).

7.     Spann was an "employee" as that term is defined by 42 U.S.C. §12111(4) and 42 U.S.C. §2000e(f).

8.     Spann is associated with an individual who is a "qualified individual with a disability" as defined by the Americans with Disabilities Act, 42 U.S.C. §12102(2) and 12111(8) and/or Defendant knew of Spann's association with an individual who has a disability.

9.     Spann satisfied her obligation to exhaust her administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging discrimination and retaliation based on her race and disability.

10.     A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

**IV. FACTUAL ALLEGATIONS**

11.     Spann, an African American Female, was hired in or around March 2015 as an Assistant Agency Director and most recently served as Agency Director.

12.     At all relevant times, Spann met or exceeded Defendant's legitimate performance expectations.

13.     In or around April 2018, Spann requested and was approved for FMLA for the care of her father before he passed away. It was during this time that her Supervisor, Brad Watkins, began holding her to a different standard with higher expectations as opposed to similarly situated individuals.

14.     In or around June 2019, Spann engaged in a protected activity when she spoke to Watkins and stated that Patsy Shaw (Caucasian) was afforded the flexibility to work remotely while caring for her father. Shaw was not required to utilize her FMLA or her PTO.

15.     Each time Spann requested to utilize her FMLA or PTO, she had to show documentation for why she needed the time off. Shaw was not required to do so.

16.     On or around July 11, 2019, Spann requested FMLA to take care of her husband who was diagnosed with Stage 4 Prostate Cancer. Watkins did not give her the paperwork she needed in order to take off, he promised her that he would accommodate any time off. Watkins did so with the intent to interfere with Spann's rights under the FMLA.

17.     Following Spann's request for FMLA, her workload increased. There were multiple conversations with Watkins where he stated that her husband's treatments

should be rearranged to fit the needs of Respondent's business and where he expressed frustration for Spann's need for time off.

18.     Watkin's behavior towards Spann changed to the point where he left her out of meetings, did not speak to her, and moved her to a shared office.

19.     On or about September 25, 2019 Spann's employment was terminated. Defendant stated that she was terminated due to poor performance. During her four years of employment, Spann did not receive any comments or negative reviews about her performance. Spann was not given the opportunity to amend her performance to meet Defendant's legitimate performance expectations. Defendant's stated reason for termination is pretext for discrimination and retaliation.

## V. CAUSES OF ACTION

### COUNT I: RACE DISCRIMINATION

20.     Spann hereby incorporates paragraphs one (1) through nineteen (19) of her Complaint as if the same were set forth at length herein.

21.     Defendant discriminated against Spann based on her race.

22.     Defendant's actions were intentional, willful, and in reckless disregard of Spann's rights as protected by Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000e *et. seq.*

23.     Spann has suffered damages as a result of Defendant's unlawful actions.

### COUNT II: RACE RETALIATION

24.     Spann hereby incorporates paragraphs one (1) through twenty-three (23) of her Complaint as if the same were set forth at length herein.

25.     Spann engaged in a protected activity until Title VII.

26.     Defendant terminated Spann's employment because she engaged in a protected activity.

27.     Defendant's actions were intentional, willful, and in reckless disregard of Spann's rights as protected by Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000e *et. seq.*

28.     Spann has suffered damages as a result of Defendant's actions.

## COUNT III: DISABILITY DISCRIMINATION

29.     Spann hereby incorporates by reference paragraphs one (1) through twenty-eight (28) of her Complaint as if the same were set forth at length herein.

30.     Defendant discriminated against Spann on the basis of her association with a disabled individual by subjecting her to disparate treatment.

31.     Defendant's actions were intentional, willful, and in reckless disregard of Spann's rights as protected by the Americans with Disabilities Act, as amended, 42 U.C.S. §1201 *et. seq.*

32.     Spann has suffered damages as a result of Defendant's actions.

## COUNT IV. FMLA INTERFERENCE

33.     Spann hereby incorporates by reference paragraphs one (1) through thirty-two (32) of her Complaint as if the same were set forth at length herein.

34.     Defendant unlawfully interfered with the exercise of Spann's rights under the FMLA.

35.     Defendant's actions were intentional, willful, and in reckless disregard of Spann's rights as protected by the FMLA.

36.     Spann suffered damages as a result of Defendant's unlawful actions.

## COUNT V. FMLA RETALIATION

37.     Spann hereby incorporates by reference paragraphs one (1) through thirty-six (36) of her Complaint as if the same were set forth at length herein.

38.     Defendant retaliated against Spann for exercising her rights under the FMLA and for complaining about Defendant's interference with her rights.

39.     Defendant's actions were intentional, willful, and in reckless disregard of Spann's rights as protected by the FMLA.

40.     Spann suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Beverly Spann, by counsel, respectfully requests that this Court find for Plaintiff and:

1.     Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against any employee on the basis of his/her race and/or disability;

2.     Reinstate Plaintiff to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful employment actions, or award her front pay in lieu thereof;

3.      Order that the Plaintiff be awarded any back pay she would have earned, including fringe benefits with related money benefits and interests thereon, absent Defendant's unlawful acts;

4.      Award the Plaintiff compensatory damages for Defendant's violations of Title VII and the ADA;

5.      Award the Plaintiff punitive damages for Defendant's violations of Title VII and the ADA;

6.      Award the Plaintiff liquidated damages for Defendant's violations of the Family Medical Leave Act;

7.      Award the Plaintiff her attorney fees, litigation expenses, and costs incurred as a result of this action;

8.      Award the Plaintiff pre- and post-judgement interest on all sums recoverable; and

9.      Grant such other relief as may be just and proper.

Respectfully Submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: */s/ Andrew Dutkanych III*_____
Andrew Dutkanych III, Atty No. 23551-41
Taylor Ferguson, Atty No. 35524-22
144 North Delaware
Indianapolis, Indiana 46204
Telephone:    (317) 991-4765
Facsimile:    (812) 424-1005
Email:        tferguson@bdlegal.com
              ad@bdlegal.com
*Attorney for Plaintiff, Beverly Spann*

7

**DEMAND FOR JURY TRIAL**

Plaintiff, Beverly Spann, by counsel requests a trial by jury on all issues deemed so triable.

Respectfully Submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: */s/ Andrew Dutkanych III*_____
Andrew Dutkanych III,  Atty No. 23551-41
Taylor Ferguson, Atty No. 35524-22
144 North Delaware
Indianapolis, Indiana 46204
Telephone:    (317) 991.4765
Facsimile:     (812) 424-1005
Email:           tferguson@bdlegal.com
                     ad@bdlegal.com
*Attorney for Plaintiff, Beverly Spann*